**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

TERRY L. BARBER,

Petitioner,

vs. CIVIL ACTION NO.: CV209-086

DON JERRIEL, Warden,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Terry Barber ("Barber"), who is currently incarcerated at Smith State Prison in Glennville, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his convictions obtained in the Glynn County Superior Court. Respondent filed a Motion to Dismiss, to which Barber responded. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Barber was sentenced in July 1997 after a jury trial to: a life sentence for armed robbery; ten years' imprisonment, consecutive, for criminal attempt to commit robbery; and twenty years' imprisonment, consecutive, for aggravated assault. (Doc. No. 6-2, p. 1). On direct appeal, Barber asserted that the trial court erred by: 1) denying his motion to suppress pre-trial show-up identification testimony; 2) allowing the victims to make in-court identifications of him; 3) denying his motion for a new trial based on trial counsel's failure to obtain a psychiatric evaluation of Barber; and 4) denying his motion for a new

trial because his trial counsel failed to offer any mitigating evidence during the sentencing phase. Barber also asserted that there was insufficient evidence to support the jury's guilty finding. (Doc. No. 8-3, p. 2). The Georgia Court of Appeals affirmed Barber's convictions and sentences. Barber v. State, 236 Ga. App. 294, 512 S.E.2d 48 (1999).

Barber filed a petition for writ of habeas corpus in the Tattnall County Superior Court. After an evidentiary hearing, the state habeas corpus court denied Barber's petition. The Georgia Supreme Court denied Barber's application for a certificate of probable cause to appeal the denial of his state habeas corpus petition.

Barber then filed a petition for writ of habeas corpus pursuant to section 2254 in this Court. Barber v. Terry, CV202-184. In that petition, Barber alleged: 1) show-up identification testimony was admitted erroneously at his trial; 2) he received ineffective assistance of trial counsel; 3) the prosecutor engaged in misconduct; and 4) he received ineffective assistance of appellate counsel. The Honorable Anthony A. Alaimo, in adopting the undersigned's recommendation, denied Barber's petition. (CV202-184, Doc. Nos. 10, 16). The Eleventh Circuit Court of Appeals denied Barber's motion for certificate of appealability, as well as his motion for reconsideration. (Doc. Nos. 8-5, 8-6).

Barber filed a second petition for writ of habeas corpus in the Tattnall County Superior Court in which he alleged he received ineffective assistance of trial counsel due to counsel's failure to present any potentially exculpatory evidence. (Doc. No. 8-7, p. 4). The state habeas corpus court, after an evidentiary hearing, dismissed Barber's petition as successive. (Doc. No. 8-8, p. 3). The Georgia Supreme Court denied

Barber's application for certificate of probable cause to appeal the denial of habeas corpus relief. (Doc. No. 8-9).

In this petition, Barber once again challenges his 1997 convictions obtained in the Glynn County Superior Court. Barber contends that his trial counsel was ineffective because counsel failed to interview and/or subpoena witnesses who may have presented exculpatory evidence. (Doc. No. 3, pp. 6-7). Respondent asserts Barber's petition should be dismissed because the petition is successive and this Court lacks jurisdiction over the petition.

**DISCUSSION AND CITATION TO AUTHORITY**

Respondent avers this Court lacks jurisdiction under the "gatekeeping provision" of 28 U.S.C. § 2244(b), which governs successive petitions. Respondent alleges Barber has failed to obtain authorization from the Eleventh Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a second or successive petition. Respondent also alleges it is not necessary to transfer this case to the Eleventh Circuit for a determination of whether he should be granted authorization to proceed in this second or successive petition because Barber's petition is time-barred under 28 U.S.C. § 2244(d).

Before a second or successive application is filed in a district court, the applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This "gatekeeping" requirement transfers a second or successive application from the district court to the court of appeals, pursuant to 28 U.S.C. §1631, as a motion for authorization to proceed in district court. See Felker v. Turpin, 518 U.S. 651, 664 (1996). "If applicable, section 1631

authorizes a transfer that is in the interest of justice." Guenther v. Holt, 173 F.3d 1328, 1330-31 (11th Cir. 1999). However, a transfer may not be authorized in certain instances, as set forth in 28 U.S.C. § 2244(b). This section provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application *shall* be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed, *unless*–
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(emphases added).

In the case *sub judice*, Barber has failed to move the Eleventh Circuit Court of Appeals for an order authorizing this Court to entertain his second or successive petition.[1] While it would ordinarily be permissible for this Court to transfer his petition to the Court of Appeals, it is not in this case. Barber's petition is barred under the gatekeeping provision of section 2244(b)(3)(A). Barber's ineffective assistance of trial counsel claim should be dismissed (and, thus, Barber's entire petition), as Barber

[1] A dismissal with prejudice of a prior petition makes any subsequent petition second or successive. Guenther, 173 F.3d at 1329. Barber's petition filed with this Court on May 31, 2002, was dismissed with prejudice. (CV202-184, Doc. Nos. 10, 16).

AO 72A
(Rev. 8/82)

previously brought this claim in his first § 2254 petition. 28 U.S.C. § 2244(b)(1); (Resp't's Ex. 2, pp. 7-8).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Barber's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED** as a second or successive petition.

**SO REPORTED** and **RECOMMENDED**, this 26th day of January, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)