# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

TERRY L. BARBER,

    Petitioner,

vs.                                  CIVIL ACTION NO.: CV209-086

DON JERRIEL, Warden,

    Respondent.

## ORDER

After an independent and *de novo* review, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Petitioner Terry Barber ("Barber") contends that the assertions he set forth in his petition fall under 28 U.S.C. §§ 2244(b)(2)(i) and (ii) and that his petition should be transferred to the Eleventh Circuit Court of Appeals for authorization to pursue his successive petition. Barber asserts that his trial counsel's "concealment" of a witness denied him the right to a fair trial, the right to present evidence in his behalf, and the right to demonstrate 'willful and corrupt perjury' of another witness. (Doc. No. 14, p. 3). Barber also asserts that the factual predicate for his assertions could not have been discovered through the exercise of due diligence because his transcripts were mixed up with another person's and the discovery package was incomplete. Barber further asserts that his petition is not time-barred under 28 U.S.C. § 2244(d) because he was given someone else's paperwork and because he has a lack of understanding.

AO 72A
(Rev. 8/82)

Section 2244(b)(2) provides, in relevant part, that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed, *unless*. . . . the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B). The contentions Barber sets forth in this petition were raised in his previously-filed section 2254 petition (Case Number CV202-184, Doc. No. 10, p. 7). Thus, Barber's claims cannot fall under § 2244(b)(2)'s requirements, i.e., section 2244(b)(2) applies only to those claims not raised on a previous occasion.

In addition, section 2244(d) does not provide Barber with a means to obtain his requested relief. This statute allows a petitioner to file a petition for writ of habeas corpus pursuant to § 2254 within one year of "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action[ ]", or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §§ 2244(d)(1)(B) & (D). As noted above and in the Magistrate Judge's Report, Barber raised the contentions he now raises as early as 2002 when he filed his first section 2254 petition. Barber's claim to an extended statute of limitations period is without merit.

AO 72A
(Rev. 8/82)

Barber's Objections to the Magistrate Judge's Report and Recommendation are **overruled**. Respondent's Motion to Dismiss is **GRANTED**. Barber's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, is **DISMISSED** as a second or successive petition. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 30 day of March, 2010.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev. 8/82)